IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRIPWIRE, INC.,

        Plaintiff,

v.

ROD MURCHISON,

        Defendant.

Case No. 3:17-cv-00180-SB

**OPINION AND ORDER**

**BECKERMAN, Magistrate Judge.**

Plaintiff Tripwire, Inc. ("Tripwire") filed this action against former employee Rod Murchison ("Murchison"), alleging violations of Oregon contract, trade secret, and tort laws. (Am. Compl. ¶¶ 33-73.) Murchison removed the matter to federal court. (ECF No. 1.) This Court has jurisdiction under 28 U.S.C. § 1332.

The parties filed cross-motions for partial summary judgment based on competing interpretations of Murchison's employment contract. (Def.'s Mot. for Partial Summ. J.; Pl.'s Mot. for Partial Summ. J.) Read in context, the disputed contract term is unambiguous. Accordingly, the Court grants Tripwire's motion for partial summary judgment and denies Murchison's cross-motion.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

The parties filed a joint stipulation setting forth undisputed facts relevant to their summary judgment motions. (ECF No. 17 (hereinafter "Joint Stip.").) The parties' pleadings and motions provide additional undisputed facts.

Tripwire hired Murchison as its Vice President of Product Management in November 2012. (Am. Compl. ¶ 7; Answer ¶ 7.) The parties signed an Employee Proprietary Information and Inventions Agreement ("Agreement") on November 19, 2012. (Joint Stip. ¶ 3; Am. Compl., Ex. A.) Tripwire drafted the Agreement, and Murchison signed it without edit. (Joint Stip. ¶¶ 2, 4.) A true and correct copy of the Agreement is filed with Plaintiff's Amended Complaint. (Am. Compl., Ex. A; Joint Stip ¶ 1.)

The Agreement contains the following provision:

> **4. Additional Activities.** I agree that during the period of my employment by the Company I will not, without the Company's express written consent, engage in any employment or business activity, which is competitive with, or would otherwise conflict with, my employment by the Company. I agree further that for the period of my employment by the Company and for one (1) year after the **date of termination of my employment by the Company**, I will not induce any employee of the Company to leave the employ of the Company.

(Am. Compl., Ex. A at 3 (hereinafter "Paragraph Four") (emphasis added).) Murchison voluntarily resigned from Tripwire on September 2, 2016. (Am. Compl. ¶ 14; Joint Stip. ¶ 6.)

Tripwire filed its complaint in Oregon state court. (ECF No. 1, Ex A.) The complaint alleges four claims for relief under Oregon law: (1) breach of contract; (2) violation of Oregon's Trade Secrets Act, Or. Rev. Stat. §§ 646.461-.475; (3) breach of fiduciary duty; and (4) tortious interference with economic relations. (Am. Compl. ¶¶ 33-73.) Tripwire relies on Paragraph Four to support its first, third, and fourth claims. (Am. Compl. ¶¶ 35, 37, 43, 59, 64-68, 70, 71.)

Murchison removed the case to federal court. (ECF No. 1.) The parties filed cross-motions for summary judgment seeking to resolve a disputed interpretation of Paragraph Four. (Def.'s Mot. for Partial Summ. J.; Pl.'s Mot. for Partial Summ. J.)

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

### II. ANALYSIS

The parties dispute the meaning of the phrase "date of termination of my employment by the company" in Paragraph Four's non-compete clause. Murchison reads the non-compete clause to apply only if Tripwire fires him, *i.e.*, upon "termination . . . by the company." Tripwire reads the provision to apply if Murchison's "employment by the company" ends for any reason. When read in isolation, the phrase's meaning is debatable. When read in context of the surrounding text, the meaning is plain.

To interpret a contractual provision, a court first reads the disputed text in the context of the whole document. *Yogman v. Parrott*, 325 Or. 358, 361 (1997). "A contract provision is ambiguous if it has no definite significance or if it is capable of more than one sensible and reasonable

PAGE 3 – OPINION AND ORDER

interpretation; it is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person." *Deerfield Commodities, Ltd. v. Nerco, Inc.*, 72 Or. App. 305, 317 (1985). If the provision is clear, the court construes the term as a matter of law, and the analysis ends. *Yogman*, 325 Or. at 361.

Here, the parties do not quibble about the meaning of "termination." When used as a transitive verb, terminate means "to bring to an end" or "to discontinue the employment of." MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/terminate (last visited Mar. 16, 2018); *see also* Or. Rev. Stat. § 652.140 (using "discharge" to describe a firing, and "termination" to include a mutually agreed upon ending of employment). The question presented here is whether the phrase "date of termination of [Murchison's] employment by the company" includes the date of Murchison's voluntary resignation.

Paragraph Four uses the phrase "of my employment by the company" three times. The first two times, the phrase modifies the word "period" and denotes Murchison's tenure with Tripwire—"during the period of my employment with the Company," and "for the period of my employment with the Company." (Am. Compl., Ex. A at 3.) The same prepositional phrase is then used again, in the disputed text, to modify "date of termination"—"for the period of my employment by the Company, and for one (1) year after the *date of termination of my employment by the Company*." (*Id.*) (emphasis added). Read in context, the meaning of this paragraph is clear. Murchison is prohibited from competing with Tripwire, in the specified ways, while he remains a Tripwire employee and for one year after that employment relationship ends.

With only one exception, every time Paragraph Four uses "the Company," the phrase modifies employment.[1] In addition to the three examples above, the contract prohibits Murchison from engaging in any business activity that would compete or conflict with "[his] employment by the Company." (*Id.*) It also prohibits Murchison from inducing "any employee of the Company" to leave "the employ of the Company." (*Id.*) This consistency in usage confirms the Court's reading of "employment by the Company" as a unified phrase.

To arrive at his reading of Paragraph Four, Murchison severs "termination" from its prepositional phrase "of termination," which modifies "date," and he severs "by the Company" from its greater prepositional phrase "of my employment by the Company," which, in turn, modifies "date of termination." Murchison's reading violates basic grammar rules.

Moreover, Murchison's substantive interpretation of the non-compete clause is not so unequivocally sensible that it requires this Court to doubt the plain meaning of Paragraph Four's words. Murchison reads Tripwire's non-compete clause to prohibit employees from competing with the company if they are fired, but not if they quit. Of course, a business is free to agree to such a half-measure, and it is not a court's responsibility to protect a party from choosing poor contract terms. *See* Or. Rev. St. § 42.230 (in construing a contract "the office of the judge is . . . not to insert what has been omitted, or to omit what has been inserted"). However, Murchison offers no legal, or logical, reason to ignore the grammatically correct reading of the provision in favor of that strained interpretation.

---

[1] The only nonqualifying use is in the phrase, "I will not, without the Company's express written consent . . . ." (*Id.*)

## CONCLUSION

For the reasons stated, the Court GRANTS Tripwire's motion for partial summary judgment (ECF No. 20), and DENIES Murchison's motion for partial summary judgment (ECF No. 18).

**IT IS SO ORDERED.**

DATED this 16th day of March, 2018.

_____
STACIE F. BECKERMAN
United States Magistrate Judge